**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **IN RE: SUBPOENAS TO NON-PARTIES KOFILE TECHNOLOGIES, INC. and KOFKILE TECHNOLOGIES GROUP, INC.** | |
| **CSS, INC.,** | **Case No. _____** |
| **Plaintiff,** | |
| **v.** | **Related to 2:16-cv-07162 (S.D. W.Va. Charleston Division)** |
| **CHRISTOPHER HERRINGTON, GENE YOHO and COMPILED TECHNOLOGIES, LLC,** | |
| **Defendants.** | |

**CSS, INC.'S MOTION TO QUASH THIRD-PARTY SUBPOENAS AND
MOTION FOR PROTECTIVE ORDER
AND BRIEF IN SUPPORT**

CSS, Inc.  ("Plaintiff" or "CSS") respectfully submits this Motion to Quash Third-Party Subpoenas and Motion for Protective Order and Brief in Support ("Motion").

## I.       INTRODUCTION

In support of a lawsuit pending in West Virginia, Defendants Christopher Herrington, Gene Yoho, and Compiled Technologies, LLC served subpoenas *duces tecum* on Plaintiff CSS, Inc.'s parent and affiliate companies in Texas.  The subpoenas are unduly burdensome and improper because (1) Defendants served the subpoenas over four months after the discovery period ended in the West Virginia lawsuit, and (2) Defendants seek to circumvent discovery rules and deadlines in the lawsuit by requiring CSS to search for and produce documents through untimely subpoenas served on CSS's parent and affiliate.  CSS therefore requests that the Court

quash the subpoenas or issue a protective order regarding the material sought through the subpoenas.

## II.    BACKGROUND

CSS provides technology solutions, software, and related services to local governments, primarily in West Virginia.  On February 23, 2016, CSS filed a lawsuit against Defendants Christopher Herrington, Gene Yoho, and Compiled Technologies, LLC, which is styled *CSS, Inc. v. Christopher Herrington, Gene Yoho and Compiled Technologies, LLC*, Civil Action No. 2:16-cv-01762, in the United States District Court for the Southern District of West Virginia (at Charleston) ( the "Lawsuit").[1]  Christopher Herrington is a former employee of CSS who joined Gene Yoho to start Compiled Technologies, LLC, which directly competes with CSS for software and support services to West Virginia local governments.  CSS asserts claims against Herrington for breach of his confidentiality agreement with CSS and violation of the duty of loyalty.  CSS asserts claims against Defendants for copyright infringement, tortious interference with existing and potential business relationships and contracts, unjust enrichment, and misappropriation of trade secrets.[2]  CSS also seeks permanent injunctive relief and a declaratory judgment regarding the ownership of competing software that Herrington developed while working for CSS.[3]

On August 18, 2017, Defendants served subpoenas duces tecum on Kofile Technologies Group, Inc. (CSS's parent corporation) and Kofile Technologies, Inc. (CSS's affiliate).[4]  Both Kofile entities maintain their headquarters in Dallas, Texas and were served in Dallas through

---

[1] Compl., Dkt. No. 1, Cause No. 2:16-cv-01762, S.D. W. Va.

[2] First Am. Compl. ¶¶ 32-65, Dkt. No. 13, Cause No. 2:16-cv-01762, S.D. W. Va.

[3] First Am. Compl. ¶¶ 66-75, Dkt. No. 13, Cause No. 2:16-cv-01762, S.D. W. Va.

[4] App 001-012, Ex. A, Subpoena to Kofile Technologies Group, Inc.; App 013-025, Ex. B Subpoena to Kofile Technologies, Inc.

their Chief Executive Officer, William D. "Sonny" Oates.[5]   While Kofile Technologies Group, Inc. owns the stock of CSS (a West Virginia company), neither Kofile entity maintains offices or does business in West Virginia.  The Kofile entities are not parties to the Lawsuit and have not appeared in that litigation.

The document requests for both subpoenas are identical and seek production of documents regarding primarily the following categories: (1) Kofile Technology Group, Inc.'s stock acquisition of CSS, which occurred in 2014 and was disclosed to Herrington in 2015, (2) communications between Herrington and CSS or Kofile employees, (3) communications regarding Herrington's 2014 and 2015 resignations from CSS, and (4) CSS's alleged plans to replace Herrington.[6]   In the list of email addresses that Defendants directed Kofile Technologies Group, Inc. and Kofile Technologies, Inc. to search for documents, fourteen of the email addresses are for current or former CSS employees.[7]   The subpoenas also require a "review of all . . . CSS premises" for responsive material.[8]

The subpoenas order production of the documents at issue at the offices of Strasburger & Price, 901 Main Street, Suite 6000, Dallas, TX 75202. [9]   The deadline to respond to the

---

[5] App 003, Ex. A, Subpoena to Kofile Technologies Group, Inc.; App 016, Ex. B Subpoena to Kofile Technologies, Inc.

[6] App 006-010, Ex. A, Subpoena to Kofile Technologies Group, Inc.; App 019-023, Ex. B Subpoena to Kofile Technologies, Inc.

[7] App 010-011, Ex. A, Subpoena to Kofile Technologies Group, Inc., g.-i. & l.-v.; App 023-024, Ex. B Subpoena to Kofile Technologies, Inc., g.-i. & l.-v.

[8] App 010, Ex. A, Subpoena to Kofile Technologies Group, Inc.; App 023, Ex. B Subpoena to Kofile Technologies, Inc.

[9] App 004, Ex. A, Subpoena to Kofile Technologies Group, Inc.; App 017, Ex. B Subpoena to Kofile Technologies, Inc.

subpoenas is September 18, 2017.[10] On September 1, 2017, Kofile Technologies Group, Inc. and Kofile Technologies, Inc. served objections to the subpoenas.[11]

Pursuant to scheduling order issued in the Lawsuit on November 2, 2016, the district court set the deadline for written discovery requests as February 21, 2017 and the deadline for depositions and the close of all discovery for April 7, 2017.[12] Although the district court issued amended scheduling orders to reset the trial setting for the Lawsuit, none of the subsequent amended scheduling orders extended the deadline for discovery.[13] The parties agreed to conduct various depositions that could not be completed prior to the close of the discovery period. The parties have not reached any agreement regarding pursuit of continued discovery beyond those depositions, however.

Defendants did not seek leave from the district court to serve the subpoenas or otherwise request that discovery be re-opened prior to serving the subpoenas. After receiving Kofile Technologies Group, Inc.'s and Kofile Technologies, Inc.'s objections to the subpoenas, Defendants filed a belated motion to extend the discovery deadline in the Lawsuit.[14] In that late-filed motion, Defendants concede that the discovery deadline was April 7, 2017 and concede that

---

[10] App 004, Ex. A, Subpoena to Kofile Technologies Group, Inc.; App 017, Ex. B Subpoena to Kofile Technologies, Inc.

[11] App 026-051, Ex. C, Kofile Technologies Group, Inc.'s and Kofile Technologies, Inc.'s Objections to Subpoenas.

[12] App 053, Ex. D, Scheduling Order, Nov. 2, 2016.

[13] App. 057, Ex. E, Scheduling Order, Mar. 30, 2017 (maintaining the deadline for depositions and the close of discovery as Apr. 7, 2017); App. 061, Ex. F, Am. Scheduling Order, June 13, 2017 (addressing pretrial deadlines but not extending discovery deadlines); App. 066, Ex. G, Am. Scheduling Order, Jul. 21, 2017 (same); App. 069, Ex. H, Am. Scheduling Order, Aug. 23, 2017 (same).

[14] Defs' Mot. to Extend Discovery Deadline, Dkt. No. 235, Cause No. 2:16-cv-01762, S.D. W. Va. (filed Sep. 11, 2017); Defs' Am. Mot. to Extend Discovery Deadline, Dkt. No. 236, Cause No. 2:16-cv-01762, S.D. W. Va.(filed Sept. 11, 2017).

the parties do not have a written agreement extending discovery in the Lawsuit.[15] Defendants have not agreed to withdraw the subpoenas pending the district court's resolution of their request for an extended discovery deadline.[16]

## III. ARGUMENTS AND AUTHORITIES

### A. CSS has standing to ask the Court to quash the subpoenas

When a party serves an objectionable subpoena, the court where compliance is required is the proper venue to seek to quash or modify the subpoena.[17] "As a general rule, a party has standing to challenge a nonparty subpoena in order to protect a personal right or privilege in the requested production."[18] The subpoenas direct Kofile Technologies Group, Inc. and Kofile Technologies, Inc. (non-parties) to conduct searches for responsive documents in CSS's premises and fourteen email accounts belonging to CSS current or former employees. Moreover, courts in this circuit have repeatedly granted motions to quash and motions for protective order to prohibit parties from pursuing discovery through subpoenas after the discovery period has closed in the underlying lawsuit.[19] CSS thus has standing to pursue this Motion.

---

[15] Defs' Am. Mot. to Extend Discovery Deadline at ¶¶ 9-11.

[16] Defendants filed a motion to compel production pursuant to the subpoenas in the Southern District of West Virginia. Defs' Mot. to Compel Kofile Technologies, Inc. and Kofile Technologies Group Inc. to Produce Documents Responsive to Subpoenas *Duces Tecum*, Dkt. No. 233, Cause No. 2:16-cv-01762, S.D. W. Va. (filed Sept. 8, 2017). Kofile Technologies, Inc. and Kofile Technologies Group, Inc. requested that Defendants withdraw the motion because it was filed in the wrong court pursuant to Rule 45(d)(2)(B)(i) and the Kofile entities are not parties to the Lawsuit. Defendants refused to withdraw the motion.

[17] FED. R. CIV. P. 45 (d)(3)(A)-(B); *Trover Group v. Dedicated Micros USA*, No. 2:13-cv-1047, 2015 WL 11117083, at *1 (E.D. Tex. Mar. 27, 2015) ("The rule further makes clear, however, that matters relating to the enforcement of the subpoena are to be directed to the court 'for the district where compliance is required.'").

[18] *Turnbow v. Life Partners, Inc.*, No. 3:11-cv-1030, 2013 WL 1632795, at *1 (N.D. Tex. Apr. 17, 2013) (granting defendants' motion to quash a third party subpoena seeking production regarding defendants from their financial auditor).

[19] *Chenevert v. CG Constructors*, No. 4:10-cv-00113, 2011 WL 4054978, at *4 (N.D. Miss. Sept. 12, 2011); *Hamilton v. Ochsner Health Sys., Inc.*, No. 12-1398, 2012 WL 6725609, at *3-4 (E.D. La. Dec.

---

**B.    Defendants' subpoenas violate the district court's scheduling order and pursue untimely discovery from CSS through its parent and affiliate**

Subpoenas that are issued for discovery purposes, such as subpoenas requesting production of documents, are subject to "all of the strictures governing discovery, including discovery deadlines" set in a district court's scheduling order.[20]  A subpoena should not issue after the discovery period closes without leave of court extending the discovery period.[21]  When a party serves a subpoena outside of the discovery period, quashing the subpoena is an appropriate remedy.[22]  Moreover, the court must quash or modify a subpoena that "subjects a person to undue burden."[23]

Defendants' pursuit of discovery through the subpoenas is in violation of the district court's scheduling order in the Lawsuit and should be prohibited.  Pursuant to the scheduling order, discovery in the Lawsuit closed on April 7, 2017.  In order to serve discovery subpoenas after the discovery period closed, Defendants were required to either (1) obtain a written, signed agreement among the parties for the extension of the discovery period and file the agreement

---

27, 2012); *Marquette Transportation Co. Gulf-Inland, LLC v. M/V Chembulk Westport*, No. 13-6216, 2016 WL 6403271, at *2 (E.D. La. Oct. 28, 2016); *Butcher v. Allstate Ins. Co.*, No. 1:06-cv-423, 2008 WL 4965288, at *2-3 (S.D. Miss. Nov. 18, 2008).

[20] *Hamilton*, 2012 WL 6725609, at *3 (citation omitted).

[21] *Hamilton*, 2012 WL 972509, at *3 (citation omitted).

[22] *Montross v. United Parcel Service of Am., Inc.*, 73 Fed.Appx. 757, 758 (5th Cir. 2003) (affirming the district court's granting of a protective order to preclude a party from pursuing subpoenaed depositions of employees after discovery closed); *Chenevert v. CG Constructors*, No. 4:10-cv-00113, 2011 WL 4054978, at *4 (N.D. Miss. Sept. 12, 2011) ("Here, the defendants completely ignored the court's firm discovery deadline and noticed depositions and issued subpoenas that required production well past the discovery deadline. . . . Because issuance of the subject notices and subpoenas clearly violated the court's firm discovery deadline, the instant motions are hereby GRANTED, and the defendants are prohibited from using at trial any information received pursuant to the subject notices and subpoenas."). *Hamilton*, 2012 WL 6725609, at *3-4 (granting a motion to quash a subpoena that was served outside of the discovery period).

[23] FED. R. CIV. P. 45 (d)(3)(A)(iv).

---

with the clerk,[24] or (2) request an extension of the discovery period from the district court, which requires a showing of good cause.[25]  Defendants did neither prior to serving the subpoenas at issue.  Instead, Defendants (1) served the subpoenas knowing that the discovery period in the Lawsuit had expired, (2) filed a motion requesting an extension of the discovery period in the Lawsuit over three weeks after serving the subpoenas, and (3) refused to withdraw the wrongfully issued subpoenas pending the district court's resolution of their request for an extended discovery deadline.  Moreover, Defendants offer no explanation as to why material sought through the subpoenas could not have been (a) pursued through CSS – the actual party to the lawsuit, and (b) pursued during the discovery period.  Defendants' pursuit of subpoenaed discovery is therefore untimely and improper.

Furthermore, Defendants' pursuit of subpoenas on CSS's parent company and affiliate is unduly burdensome to CSS.  Although the subpoenas were served on entities affiliated with CSS, the requests ultimately seek to require CSS to search for and produce documents.  For example, subpoenas would require CSS to conduct a "review of all . . . CSS premises" in West Virginia for responsive documents.[26]  Of the twenty-two email accounts that Defendants directed Kofile Technologies Group, Inc. and Kofile Technologies, Inc. to search for responsive material, fourteen of the accounts belong to current and former CSS employees.[27]  The requests also repeatedly ask for communications "between or among representatives of Kofile and representatives of CSS" and communications between a specified individual "and/or any other

---

[24] United States District Court for S.D. W. Va., L. R. 16(f)(2).

[25] FED. R. CIV. P. 16(b)(4); United States District Court for S.D. W. Va., L. R. 16(f)(1).

[26] App 010, Ex. A, Subpoena to Kofile Technologies Group, Inc.; App 023, Ex. B Subpoena to Kofile Technologies, Inc.

[27] App 010-011, Ex. A, Subpoena to Kofile Technologies Group, Inc., g.-i. & l.-v.; App 023-024, Ex. B Subpoena to Kofile Technologies, Inc., g.-i. & l.-v.

CSS or Kofile employee or officer" or similar phrasing, which would expand CSS's search beyond the fourteen enumerated email accounts of CSS employees.[28]

CSS has produced tens of thousands of documents in the Lawsuit, and the subpoenas ultimately seek a "re-do" on searches for responsive materials months after the discovery period closed. Defendants' eleventh hour effort to force CSS to perform a renewed round of document searches through the subpoenas seeks to improperly circumvent the discovery tools and deadlines for parties to the Lawsuit, and quashing the improperly issued subpoenas is the appropriate remedy.[29]

### C.     Good cause exists to prohibit defendants from pursing the subpoenas

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[30]   Good cause exists to issue a protective order because Defendants are pursing discovery through subpoenas that were issued months after discovery closed in the Lawsuit.  Furthermore, the subpoenas would require CSS to incur the burden and expense of ultimately responding to the untimely discovery served on its parent and affiliate.  As an alternative to a motion to quash, CSS requests that the Court grant its motion for protective order to prohibiting Defendants from obtaining discovery sought

---

[28] *See, e.g.*, App 006-008, Ex. A, Subpoena to Kofile Technologies Group, Inc. at Requests b-i; App 019-021, Ex. B Subpoena to Kofile Technologies, Inc. at Requests b-i.

[29] *See Hernandez v. City of Corpus Christi*, C-10-186, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (granting a motion to quash an untimely subpoena served on a party and noting that "[i]t is well established that a party may not use Rule 45 subpoenas duces tecum or Rule 34 requests for productions to circumvent a discovery deadline."); *Brooks v. Northwest Airlines Corp.*, No. 4:04-cv-291, 2009 WL 2171092, at *1 (N.D. Miss. Jul. 20, 2009) (same).

[30] FED. R. CIV. P. 26(c).

through the subpoenas served on Kofile Technologies Group, Inc. and Kofile Technologies, Inc.[31]

## IV.    CLOSING

For the foregoing reasons, CSS, Inc. requests that the Court grant this motion and enter an order prohibiting Defendants from pursuing discovery pursuant to the subpoenas served on Kofile Technologies Group, Inc. and Kofile Technologies, Inc.

---

[31] *Marquette Transportation Co. Gulf-Inland, LLC v. M/V Chembulk Westport*, No. 13-6216, 2016 WL 6403271, at *2 (E.D. La. Oct. 28, 2016) (granting a motion for protective order to prohibit discovery sought via a subpoena that was served after the close of discovery); *Butcher v. Allstate Ins. Co.*, No. 1:06-cv-423, 2008 WL 4965288, at *2-3 (S.D. Miss. Nov. 18, 2008) (granting a motion for protective order and motion to quash subpoenas that required production of documents after the close of the discovery period).

Dated:  September 15, 2017                     Respectfully submitted,

                                    By: _/s/ Walter A. Herring_____
                                        Walter A. Herring
                                        State Bar No. 09535300
                                        wherring@munckwilson.com
                                        Jessica L. Spaniol
                                        State Bar No. 24072360
                                        jspaniol@munckwilson.com
                                        **MUNCK WILSON MANDALA, LLP**
                                        600 Banner Place Tower
                                        12770 Coit Road
                                        Dallas, TX  75251
                                        Telephone:  (972) 628-3600
                                        Telecopier: (972) 628-3616

                                        **ATTORNEYS FOR CSS, INC.**

**CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that on September 14th and15th, 2017, I conferred with lead counsel for Defendants regarding the relief sought by this motion.  Despite good faith efforts, no agreement could be reached, and this motion is opposed.

                                    _/s/ Walter A. Herring_____

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing document was served via U.S. Mail and e-mail upon all counsel of record in accordance with the Federal Rules of Civil Procedure on September 15, 2017.

                                    _/s/ Walter A. Herring_____
                                        Walter A. Herring

740977