IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CSS, INC., | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:17-mc-71-N-BN |
| CHRISTOPHER HERRINGTON, GENE YOHO, and COMPILED TECHNOLOGIES, LLC, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

CSS, Inc., the plaintiff in *CSS, Inc. v. Christopher Herrington, Gene Yoho and Compiled Technologies, LLC*, Civil Action No. 2:16-cv-1762, pending in the United States District Court for the Southern District of West Virginia (the "West Virginia case"), has filed a Motion to Quash Third-Party Subpoenas and Motion For Protective Order, *see* Dkt. No. 1 (the "Motion to Quash"), under Federal Rules of Civil Procedure 45(d)(3) and 26(c) as to Federal Rule of Civil Procedure 45 subpoenas served by the defendants in the West Virginia case – Compiled Technologies LLC, Christopher Herrington, and Gene Yoho (collectively, "Defendants") – on non-parties Kofile Technologies Group, Inc. and Kofile Technologies, Inc. (collectively, the "Kofile Entities"), in connection with the West Virginia case (the "Subpoenas"). The Kofile Entities have joined in the Motion to Quash. *See* Dkt. No. 3 (the "Motion to Join").

United States District Judge David C. Godbey has referred the Motion to Quash and the Motion to Join to the undersigned United States magistrate judge for hearing,

-1-

if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 4.

Defendants filed a response, *see* Dkt. No. 7, and CSS and the Kofile Entities filed a reply, *see* Dkt. No. 10. Although originally scheduled for October 25, 2017, the Court determines that oral argument is not necessary.

**Background**

The Subpoenas were properly issued by the United States District Court for the Southern District of West Virginia under Federal Rule of Civil Procedure 45(a), as the court where the West Virginia case is pending. *See* FED. R. CIV. P. 45(a)(2) ("Issuing Court. A subpoena must issue from the court where the action is pending.").

They command the Kofile Entities to produce documents to "Stephen D. Annand, Esq. / E-mail: sda@ramlaw.com c/o Mark E. Golman, Strasburger Attorneys at Law 901 Main Street, Suite 6000, Dallas, TX 75202." Dkt. Nos. 2-1 & 2-2. Mr. Annand is Defendants' counsel in the West Virginia case.

The Subpoenas list the persons to whom they are directed as "Kofile Technologies Group, Ine. (Attn: William D. Oates); 6300 Cedar Springs Road Dallas, Texas 75235," Dkt. No. 2-1, and "Kofile Technologies, Inc. (Attn: William D. Oates); 6300 Cedar Springs Road Dallas, Texas 75235," Dkt. No. 2-2.

Defendants also filed in the West Virginia case a Notice of Intent to Serve Subpoena *Duces Tecum* on Kofile Technologies Group, Inc., *see* Dkt. No. 7-1, and a Notice of Intent to Serve Subpoena *Duces Tecum* on Kofile Technologies, Inc., *see* Dkt. No. 7-2 (collectively, the "Notices of Intent"). These documents explain that "[t]he subpoenaed information is to be received on or before September 18, 2017, by way of

electronic means to Stephen D. Armand at sda@ram1aw.com, or if a hard copy is preferred, the material may be delivered to Mr. Armand c/o of the following attorney in Dallas, Texas at the following address: Mark E. Golman, Strasburger & Price, LLP, 901 Main Street, Suite 6000, Dallas, Texas 75202. Mr. Golman can be reached at: 214-651-4478." Dkt. Nos. 7-1 & 7-2.

CSS also explains that "Defendants filed a motion to compel production pursuant to the subpoenas in the Southern District of West Virginia" and that the Kofile Entities "requested that Defendants withdraw the motion because it was filed in the wrong court pursuant to [Federal Rule of Civil Procedure] 45(d)(2)(B)(i) and the Kofile [Entities] are not parties to the [West Virginia case]" but that "Defendants refused to withdraw the motion." Dkt. No. 1 at 5.

Defendants report that they "are currently pursuing a Motion to Compel for Discovery Deficiencies in the Southern District of West Virginia against CSS for responsive emails and other documents that Defendants believe CSS has failed to produce thus far" and that the Subpoenas served on the Kofile Entities "fall under the umbrella of the above-referenced Defendants' Motion to Compel for Discovery Deficiencies." Dkt. No. 7 at 4; *see also id.* at 6. "Defendants acknowledge that United States District Judge Joseph R. Goodwin of the issuing Court recently denied a motion by the Defendants to extend discovery to October 15, 2017," but "Defendants maintain that the Kofile subpoenas and corresponding motions remain timely," where "Kofile is the parent corporation of Plaintiff CSS, Inc. in the underlying litigation and is inextricably linked to the underlying litigation" and "Defendants are currently

-3-

pursuing a Motion to Compel for Discovery Deficiencies in the Southern District of West Virginia against CSS for responsive emails and other documents that Defendants believe CSS has failed to produce thus far." *Id.* at 4.

## Legal Standards

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a nonparty "to whom it is directed to ... produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). Under Rule 45(c), "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A). And, under Rule 45(a)(4), "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." FED. R. CIV. P. 45(a)(4).

Rule 45(d)(2)(B) requires that "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested" – and that "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(d)(2)(B).

"If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." FED. R. CIV. P. 45(d)(2)(B).

The target of a Rule 45 subpoena can also file a motion to quash or modify the subpoena. Under Federal Rule of Civil Procedure 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A).

The moving party has the burden of proof. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998). "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa*, 392 F.3d at 818.

On a motion asserting undue burden, "[t]he moving party has the burden of proof to demonstrate 'that compliance with the subpoena would be unreasonable and oppressive.'" *Wiwa*, 392 F.3d at 818 (quoting *Williams*, 178 F.R.D. at 109 (internal quotation marks omitted)). "The moving party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting

affidavits or offering evidence revealing the nature of the burden." *Andra Group, LP v. JDA Software Group, Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015).

"Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Wiwa*, 392 F.3d at 818 (internal quotation marks and footnote omitted). "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* (footnote omitted). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.* (footnote omitted).

The Court also "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.* (footnote omitted). "Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." *Am. Fed'n of Musicians of the U.S. & Canada v. SKODAM Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015) (internal quotation marks omitted).

Federal Rule of Civil Procedure 45(f) provides that, "[w]hen the court where

compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f).

Where the person subject to the subpoena consents to transfer, a party seeking transfer need not show – and the Court need not find – extraordinary circumstances under Rule 45(f). *See* FED. R. CIV. P. 45(f); FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments); *San Juan Cable LLC v. DISH Network LLC*, Civ. A. No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015). But, if the person subject to the subpoena does not consent to transfer, the Court may only transfer a Rule 45 motion to the issuing court if exceptional circumstances exist. *See Orix*, 2016 WL 3926507, at *2. As a general matter, "the proponent of transfer bears the burden of showing that such circumstances are present." FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments). But "Rule 45(f) does not require that a motion to transfer be filed, and the Court may *sua sponte* order transfer where appropriate." *Orix USA Corp. v. Armentrout*, No. 3:16-mc-63-N-BN, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016).

The Advisory Committee Notes provide the following guidance as to when transfer of a subpoena-related motion is appropriate:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts. Transfer

is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments). "In determining whether 'exceptional circumstances' exist, courts consider several factors, including the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Orix*, 2016 WL 3926507, at *4 (internal quotation marks omitted).

## Discussion

CSS and the Kofile Entities assert that this Court is the court for the district where compliance is required for purposes of the Rule 45(d)(3) Motion to Quash because the Subpoenas "order production of the documents at issue at the offices of Strasburger & Price, 901 Main Street, Suite 6000, Dallas, TX 75202." Dkt. No. 1 at 3, 5. They assert that the Subpoenas "are unduly burdensome and improper because (1) Defendants served the subpoenas over four months after the discovery period ended in the West Virginia [case], and (2) Defendants seek to circumvent discovery rules and deadlines in the lawsuit by requiring CSS to search for and produce documents through untimely subpoenas served on CSS's parent and affiliate" and "therefore request[] that the Court quash the [Subpoenas] or issue a protective order regarding the material sought through the [Subpoenas]" "to prohibit[] Defendants from obtaining discovery sought through the subpoenas served on Kofile Technologies Group, Inc. and Kofile Technologies, Inc." *Id.* at 1-2, 8-9.

Defendants respond that the primary place for compliance for the Subpoenas

was in West Virginia because the Notices of Intent for the Subpoenas "clearly state that: 'The subpoenaed information is to be received on or before September 18, 2017, by way of electronic means to Stephen D. Annand at sda@ramlaw.com, or if a hard copy is preferred, the material may be delivered to Mr. Annand c/o of the following attorney in Dallas, Texas at the following address: Mark E. Golman, Strasburger & Price, LLP, 901 Main Street, Suite 6000, Dallas, Texas 75202.'" Dkt. No. 7 at 1. Defendants further contend that "Kofile regularly transacts business in West Virginia and thus may be required to comply with a subpoena under Rule 45 within 100 miles of where their business activities occur" and that "[t]he primary compliance requested by the subpoenas duces tecum was electronic, to Defendants' lead counsel Stephen D. Annand, Esquire. Mr. Annand and his offices are in Charleston, WV, less than 100 miles from Parkersburg where Kofile was operating the [CSS] through its Kofile, Inc. ('Kofile') employee manager Bert Auburn from the time of its acquisition of CSS in June 2014 through early 2016, and who was followed as CSS manager by another Kofile employee, Tim Mortenson." *Id.* at 2.

Defendants therefore contend that these motions should properly be filed in the West Virginia case because "there is no reason to divest the issuing Court of the Southern District of West Virginia of control over this discovery matter, as it is linked to other pending discovery disputes between the parties in the litigation." *Id.* at 7 at 3.

But, alternatively, Defendants argue that, "even if it were determined that because the alternative place of compliance for the [Subpoenas] is Dallas, Texas, this

Court would normally be the proper venue for resolution of the objections to the subpoenas under Rule 45, 'exceptional circumstances' justify a transfer of CSS's Motion to Quash to the issuing Court" presiding over the West Virginia case." *Id.*

I. **This is the court for the district where compliance is required.**

Defendants' response and the Subpoenas themselves raise the threshold issue of whether the Motion to Quash is properly before this Court. Defendants point to their Notices of Intent filed in the West Virginia case as required by Rule 45(a)(4). But those documents, while required by Rule 45 before the Subpoenas could be served on the Kofile Entities, are not subpoenas and do not themselves require compliance by the Kofile Entities.

Determining which court is the court for the district where compliance is required requires looking to the Subpoenas themselves and Rule 45's relevant provisions.

Starting with the statute, Rule 45(a)(1)(A) directs that "[e]very subpoena must: ... (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." FED. R. CIV. P. 45(a)(1)(A)(iii). Rule 45(c) is titled "Place of Compliance" and provides, in part, that "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A). Rule 45(d)(2)(A) explains that "[a]

person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial." FED. R. CIV. P. 45(d)(2)(A). And Rule 45(d)(3)(A) provides that, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A).

Under Rule 45, then, the place of compliance must be a physical "place" subject to "geographical limits" and capable of being measured according to mileage.

This Court takes the position that, for purposes of a Rule 45(d)(2) or 45(d)(3) motion, the court or district "where compliance is required" is determined by the location or "place" for compliance identified on the subpoena as required by Rule 45(a)(1)(A)(iii). *See, e.g.*, *Buc-ee's, Ltd. v. Shepherd Retail, Inc.*, No. 3:17-mc-1-N-BN, 2017 WL 86143, at *1 (N.D. Tex. Jan. 10, 2017); *Sorrell et al v. Frito-Lay N. Am.*, No. 3:16-mc-34-B, Memorandum Opinion & Order, Dkt. No. 18 at 3 (N.D. Tex. Apr. 21, 2016); *U.S. Risk Ins. Grp., Inc. v. U.S. Risk Mgmt., LLC*, No. 3:11-cv-2843-M-BN, 2014 WL 4055372, at *1 (N.D. Tex. Aug. 15, 2014).

Other court decisions disagree, concluding instead, based in part on discussions in the Advisory Committee Notes, that "the place where compliance is required depends on where the recipient resides or works," treating a proper "place of

-11-

compliance" under Rule 45(c) as determinative in identifying the district in which subpoena-related motions and applications are to be made. *Raap v. Brier & Thorn, Inc.*, No. 17-mc-3001, 2017 WL 2462823, at *2 (C.D. Ill. July 7, 2017).

But that approach requires a district court in which a Rule 45(d)(3) motion to quash or a Rule 45(d)(2) motion to compel is filed to first resolve a substantive geographical limits issue under Rules 45(c) simply to decide if it is the court with authority to decide a Rule 45(d)(2) or 45(d)(3) motion – including a Rule 45(d)(3)(ii) motion to quash for violating Rule 45(c) – in the first place.

Put another way, a subpoena's listing a place of compliance that violates Rule 45(c)'s requirements is a ground for quashing or modifying the subpoena. *See* FED. R. CIV. P. 45(d)(3)(A)(ii). But, consistent with this Court's understanding of how to determine the court or district "where compliance is required," a court in the district encompassing that improper place of compliance can properly make that ruling on a Rule 45(d)(3)(A)(ii) motion as the court for the district where compliance is – whether properly or not – required on the face of the subpoena, and does so consistent with Rule 45's text and structure as well as the practical realities that courts presented with subpoena-related motions and applications face.

After all, while "[a]lthough Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c)," FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments), the place of compliance is the one directed by the subpoena unless and until a court rules otherwise on a motion under Rule 45(d). At the time of deciding where such a motion must be filed, then, the place

-12-

named in the subpoena as required by Rule 45(a)(1)(A)(iii) is the place "where compliance is required." This is so even if the subpoenaed non-party has objected based on Rule 45(c) to a subpoena's named place of compliance, because the determination that the subpoenaed non-party and not the subpoenaing party has the better of a Rule 45(c) dispute must await decision on a Rule 45(d)(2) or 45(d)(3) motion.

The Court understands the concern that Rule 45's "purpose of protecting nonparties is defeated if a party could demand compliance in a location more than 100 miles from where the nonparty resides, is employed, or regularly transacts business in person and still require the nonparty to adjudicate a dispute over that subpoena in a distant forum." *Raap*, 2017 WL 2462823, at *3. And a subpoenaed person could decide where to file a Rule 45(d)(3) motion to quash or modify based on where the person will assert that he, she, or it resides, is employed, or regularly transacts business in person.

But Rule 45(d)(3)(A)(ii) motions to quash often are filed in the court corresponding to the improper place of compliance stated in the subpoena. *See, e.g.*, *HCAPS Conroe Affiliation Inc. v. Angelica Textile Servs. Inc.*, No. 3:15-mc-60-N-BN, 2015 WL 3867923, at *3-*4 (N.D. Tex. June 22, 2015). And a subpoenaing party can always be expected to file a Rule 45(d)(2) motion to compel in the court for the district encompassing the place of compliance that the party listed on the subpoena. On those motions, notwithstanding any concerns with requiring a nonparty to adjudicate a dispute over a subpoena in a distant forum, the court addressing the motion to compel will have no way of dependably making the fact-intensive determination whether the

-13-

subpoena's stated place of compliance is within 100 miles of where the subpoenaed person resides, is employed, or regularly transacts business in person without hearing from the subpoenaed person. *See, e.g.*, *U.S. Risk*, 2014 WL 4055372, at *1 ("But, while C. Jim Romig may reside and work more than 100 miles from Dallas, Texas, there is no evidence directed to the question whether he regularly conducts business in Dallas, where he is directed to produce the documents. The Court simply does not know the answer to that question...."). It is at the least impractical for a court to be required to formally decide if the nonparty or the subpoenaing party wins a Rule 45(c) issue on a Rule 45(d) motion in order to determine whether the court actually can decide which side prevails on the motion on that or any other issue.

In any event, an email address does not qualify as a location or place where compliance is required under Rule 45, although the subpoenaing party and the subpoenaed person could agree to production by electronic means. *Accord* FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments) ("Under the current rule, parties often agree that production, particularly of electronically stored information, be transmitted be electronic means. Such arrangements facilitate discovery, and nothing in these amendments limits the ability of parties to make such arrangements."). At least where the parties have not so agreed, a subpoena that provides only an email address arguably violates Rule 45(a)(1)(A)(iii)'s requirement to "command each person to whom it is directed to do the following at a specified ... place." FED. R. CIV. P. 45(a)(1)(A)(iii). It seems that, in such an instance, a court faced with a Rule 45(d)(2) or 45(d)(3) motion could take appropriate action on the motion based on the

understanding that the subpoena is simply not a valid and enforceable subpoena. *Cf. Paso Del Norte Motors, LP v. Kia Motors of Am., Inc.*, No. 315-cv-2672-M, 2015 WL 4939948, at *2 (N.D. Tex. Aug. 19, 2015) ("A subpoena that violates Rule 45(a)(2)'s requirement is facially invalid and cannot be enforced by the Court notwithstanding that a violation of Rule 45(a) (2) is not a ground for quashing or modification listed in Rule 43(d)(3). The subpoena is simply not a valid subpoena, and, even if this Court otherwise had some basis or authority to address this subpoena under Rule 45, the Court would have no authority to enforce it by an order granting a motion to compel under Rule 45(d) or for contempt under Rule 45(g).").

Alternatively, a court could look to the physical location listed for the person to whom a subpoena is directed to determine which district covers the place where compliance is required and therefore which court can hear and decide a subpoena-related motion. But, in an age of mobile devices, this Court cannot adopt Defendants' assumption that, where an email address is provided, the place where compliance is required – understood by Defendants as the place where the electronic transmission will actually be received over email – is the office address of the attorney whose email is listed on a subpoena. Given the realities of electronically transmitting and receiving information, if only an email address is provided for compliance on a subpoena and a court is left with no good choices for deciding which is the district where compliance is required, a more plausible assumption seems to be that the subpoenaed person would comply by transmitting the subpoenaed information from the location where that person works or resides as listed on the subpoena. This approach, too, has the

virtue of requiring the party seeking to file a motion to quash or compel and the court reviewing such a motion in the first instance to look only to the face of the subpoena – and not to determine where the subpoenaed party actually resides or works in light of the 100-mile geographical limit – to ascertain which court Rule 45 authorizes to hear and decide the motion. Of course, if the subpoena lists only an email address for the subpoenaed person, that raises a separate, threshold issue of whether the subpoena was personally delivered as Rule 45(b)(1) requires. *See Whitley v. Pinnacle Entertainment, Inc.*, Civ. A. No. 15-595-BAJ-RLB, 2016 WL 6154938, at *2-*3 (M.D. La. Oct. 21, 2016); *Bergeron v. Great West Cas. Co.*, Civ. A. No. 14-13, 2015 WL 5307685, at *3 (E.D. La. Sept. 9, 2015); *Boze Memorial, Inc. v. Travelers Lloyds Ins. Co.*, No. 3:12-cv-669-P, 2013 WL 5299278, at *2-*4 (N.D. Tex. Sept. 20, 2013).

Fortunately, here, the Subpoenas list a physical address for a law office in Dallas, Texas as the place of compliance – which, for good measure, the Kofile Entities do not dispute complies with Rule 45(c)(2)(A). That the Notices of Intent may have communicated to parties in the West Virginia case – including CSS but not the Kofile Entities – that Defendants' preference was electronic transmission to Mr. Annand's email does not change what the face of the Subpoenas themselves direct.

Here, the court for the district where compliance with the Subpoenas is required is the Dallas Division of the Northern District of Texas, and CSS properly filed its Motion to Quash in this Court under Rule 45(d)(3).

## II. Transfer is appropriate under Federal Rule of Civil Procedure 45(f).

The parties do not see eye to eye on where the Motion to Quash should be

decided, and the Court has carefully considered the argument for and against a Rule 45(f) transfer, including the Kofile Entities' assertions that transfer is inappropriate where they "maintain their principal places of business in Dallas, their officers and directors are located in Dallas, and any physical documents responsive to the subpoenas are located in Dallas"; "counsel for the Kofile [E]ntities on the Motion [to Quash] is located in Dallas"; and, "[a]s non-parties to the Lawsuit based in Dallas, the Kofile [E]ntities have a substantial interest in resolving this dispute in this Court rather than in West Virginia." Dkt. No. 10 at 10 (footnote omitted).

After considering all the arguments for and against finding exceptional circumstances justifying transfer, the Court is convinced that Defendants have met their burden of showing that transfer under Rule 45(f) is appropriate here based on exceptional circumstances.

The Motion to Quash is based on CSS's and the Kofile Entities' assertion that the Subpoenas are untimely because the discovery deadline in the West Virginia case has passed. The presiding judge in that case recently denied a motion to extend the deadline. But Defendants maintain that the Subpoenas are still timely and enforceable under all the circumstances of the case. Most importantly, these same issues are presented to the court in that case on Defendants' pending and fully briefed motions to compel – although CSS and the Kofile Entities assert that those motions were improperly filed there. The Court understands that CSS and the Kofile Entities believe that "Defendants' position that their motion to compel against CSS is 'linked' to the subpoenas served on Kofile only highlights the fact that Defendants are using the

subpoenas in an effort to bypass discovery rules for parties to the litigation under Rule 34." Dkt. No. 10 at 9. That may be so. And the court in the West Virginia case may agree with this Court's analysis that motions on the Subpoenas are only properly filed in this Court. But, whether it does or not, by transferring the Motion to Quash and Motion to Join, that court will be able to resolve these disputes as to the Subpoenas – which appear to be involve issues that did not arise in connection with the subpoena seeking the deposition of third party Clyde Lowers – based on the court's own discovery deadline on either the pending motions to compel or the Motion to Quash and the Motion to Join.

Rule 45(f) provides that, on a transfer, "if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court." FED. R. CIV. P. 45(f). And the Advisory Committee Notes explain that, "[i]f the motion is transferred, judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending" and that "[t]he rule provides that if these attorneys are authorized to practice in the court where the motion is made, they may file papers and appear in the court in which the action is pending in relation to the motion as officers of that court." FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments).

But, here, diminishing any concerns about the burden on the Kofile Entities (much less on CSS) in litigating the Motion to Quash and Motion to Join in the West

Virginia case, the same counsel representing CSS in the West Virginia case are representing CSS and the Kofile Entities in this action.

The Court is presented here with exceptional circumstances in which transfer is warranted to avoid disrupting the issuing court's management of the underlying West Virginia case and in which those interests outweigh whatever interests that CSS and the Kofile Entities may have in resolving the Motion to Quash and Motion to Join in this district.

**Conclusion**

The Court ORDERS, under Federal Rule of Civil Procedure 45(f), that CSS, Inc.'s Motion to Quash Third-Party Subpoenas and Motion For Protective Order [Dkt. No. 1 ] and Kofile Technologies Group, Inc. and Kofile Technologies, Inc.'s Joinder in CSS, Inc.'s Motion to Quash Third-Party Subpoenas and Motion for Protective Order [Dkt. No. 3] are transferred and remitted to the Charleston Division of the United States District Court of the Southern District of West Virginia for determination in connection with the underlying litigation, *CSS, Inc. v. Christopher Herrington, Gene Yoho and Compiled Technologies, LLC*, Civil Action No. 2:16-cv-1762 (S.D. W. Va.).

The Court CANCELS the oral argument set for Wednesday, October 25, 2017, at 10:00 a.m., and the Clerk of the Court is directed to close this matter after transfer of the Motion to Quash Third-Party Subpoenas and Motion For Protective Order and non-parties Kofile Technologies Group, Inc. and Kofile Technologies, Inc.'s Joinder in CSS, Inc.'s Motion to Quash Third-Party Subpoenas and Motion for Protective Order.

SO ORDERED.

DATED: October 20, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE